UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BEVERLY KAYE GRAHAM ORR,** : | |
| Executrix of the Estate of Robin Orr : | |
| and individually, : | 3:15cv1220 (WWE) |
| Plaintiff, : | |
| v. : | |
| : | |
| **BRISTOL-MYERS SQUIBB COMPANY** : | |
| and **PFIZER INC.,** : | |
| Defendants. : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR TRANSFER**

Plaintiff Beverly Kay Graham Orr brings this wrongful death action on behalf of herself and the estate of her husband, Robin Orr, against the defendants, Bristol-Myers Squibb Company and Pfizer, Inc.  Defendants have moved to transfer the action to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).  For the following reasons, the motion to transfer will be granted.

**A.  BACKGROUND**

The following factual background is culled from the pleadings and the briefs relevant to the motion to transfer.

Plaintiff and the decedent resided in Texas.  Defendants Bristol-Meyers Squibb and Pfizer are each incorporated under the laws of Delaware and have their principal of business in New York.

The decedent Orr died in Texas on September 1, 2013, after hemorrhaging following coronary artery bypass surgery.  Plaintiff alleges that his death was the result of taking Eliquis, a blood thinner that is jointly developed and marketed by defendants to prevent strokes in patients with atrial fibrillation; and that defendants failed to warn

1

physicians that Eliquis could cause bleeding.

## B. DISCUSSION

Defendants argue that transfer to the Northern District of Texas is appropriate pursuant to Section 1404(a), which authorizes transfer to another district where venue is also proper. The purpose of Section 1404(a) is to have federal civil suits tried in the district most suitable in terms of convenience, efficiency and justice. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Defendants argue, and plaintiff does not counter, that they would be amenable to jurisdiction in the Northern District of Texas. Accordingly, the Court finds that this action could have been brought in the Northern District of Texas.

Generally, the Court gives deference to a strong presumption in favor of a plaintiff's choice of forum, which presumption may be overcome only by clear and convincing evidence that private and public interest factors favor trial in the alternative forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981). Additionally, plaintiff's choice of forum may be entitled to less weight where the operative facts are not connected to the choice of forum or where plaintiff chooses a forum other than his or her residence. Gokhberg v. Pnc Financial Svcs. Group, Inc., 2015 WL 9302837, *2 (S.D.N.Y.). Here, the Court does not require that plaintiffs' choice of forum be outweighed by clear and convincing evidence; rather plaintiffs' choice of forum must be outweighed by a preponderance of the evidence.

The Court must balance the following relevant factors, including (1) locus of operative facts; (2) access to evidence; (3) convenience of witnesses; (4) availability of compulsory process to compel witness testimony; (5) convenience of the parties; (6)

familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial means of the parties; and a catchall factor (9), interests of justice.  The Court considers these factors in the relative order of importance.

    1.  Locus of Operative Facts

To determine the locus of operative facts, courts look to where the conduct giving rise to the claim occurred.  Costello v. Home Depot U.S.A., Inc., 888 F. Supp. 2d 258, 268 (D. Conn. 2012).  Plaintiff maintains that defendants operate facilities in Connecticut and the facts concerning defendants' knowledge and concealment of the drug's defect may have occurred in Connecticut.  Plaintiff seeks to postpone consideration of the transfer pending a determination of the extent of defendants' operations in Connecticut.  The Court declines to do so because the facts alleged in the complaint indicate that a significant portion of the operative facts occurred in Texas.  Here, decedent is alleged to have lived and died in Texas.  Thus, facts concerning decedent's medical treatment, his prescription for Eliquis, and the circumstances of his death all occurred in Texas.  Accordingly, the locus of operative facts weighs in favor of the forum in the Northern District of Texas.

    2.  Location of Relevant Documents

Due to the fact that the alleged wrongful death caused by the defective Eliquis occurred in Texas, a large portion of documents concerning decedent's medical treatment will be found in Texas.  Discovery will facilitate plaintiff's access to documents related to defendants' production of Eliquis and the alleged concealment of its design defect.  Accordingly, this factor weighs slightly, if at all, in favor of transfer.

3. <u>Convenience of Witnesses and Parties</u>

Transfer should not shift the inconvenience of travel from one party to another. <u>A Slice of Pie Productions, LLC v. Wayans Bros. Entertainment</u>, 392 F. Supp. 2d 297, 308 (D. Conn. 2005).  The plaintiff resides in Texas and the nonparty witnesses involved in decedent's medical treatment are most likely also in Texas.  In light of the convenience to nonparty witnesses located in Texas, the Court finds that Texas is the more convenient forum.

4. <u>Compulsory Process to Compel Witness Testimony</u>

The District of Connecticut would not be able to compel a nonparty witness in Texas to attend trial pursuant to Federal Rule of Civil Procedure 45(c)(1)(a).  Thus, this factor weighs in favor of transfer.

5. <u>Familiarity of the Forum with Governing Law</u>

This Court is well experienced in applying the law of other states.  Accordingly, this factor does not weigh in favor of transfer.

6. <u>Trial Efficiency and Interest of Justice</u>

This Court is not so overburdened with such a congested docket that this case would be unduly delayed. Accordingly, the interests of efficiency and justice weigh do not weigh in favor of transfer.

7. <u>Balance of the Factors</u>

Upon review, the Court finds that the balance of the factors, particularly the convenience of nonparty witnesses, favors transfer to the Northern District of Texas. Accordingly, the Court will grant the motion to transfer.

**CONCLUSION**

For the foregoing reasons, the motion to transfer [doc. #26] is GRANTED. The clerk is instructed to transfer this case to the Northern District of Texas.

Dated this 24th day of February, 2016 at Bridgeport, Connecticut.

                                            /s/Warren W. Eginton
                                            Warren W. Eginton
                                            Senior U.S. District Judge